IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DEVANE CREWSE       )
and CHYANNE CREWSE,    )
             )
    Plaintiffs,    ) TC-MD 220388G
             )
  v.         )
             )
DEPARTMENT OF REVENUE,   )
State of Oregon,      )
             )
    Defendant.   ) **DECISION**

This case concerns whether a nonresident member of a derrick barge's crew qualifies for the income exclusion found in ORS 316.127(10) for tax year 2021.[1] Plaintiff Devane Crewse appeared *pro se* at trial and testified. Defendant was represented by its auditor, Sue Martin-Guyton, who also testified. Plaintiffs' Exhibits 1 to 3 and Defendant's Exhibits A to C were admitted.

## I. STATEMENT OF FACTS

Plaintiffs lived in Washington throughout 2021. Mr. Crewse—whose wages are at issue—worked in Oregon, Washington, and Idaho as a foreman on a heavy civil marine contractor's derrick barges. He spent 193 of his 236 working days in Oregon. (Ex 1 at 3.)

The derrick barges were typically equipped with marine cranes and were used for construction and salvage recovery jobs along the waterway. The barges were not self-propelled; they were pushed into position by tugboats.

With assistance and guidance from the tug captain, Mr. Crewse and his crew were responsible for fastening the barge to the tugboat, securing its equipment, putting down and

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

taking up spuds (spiked poles used for anchoring), and generally ensuring the barge's safe movement. (Ex 2.) While the tugboat and barge were fastened together, crewmembers could walk freely between them for the duration of the push (typically 6 to 10 hours). After the barge was disconnected from the tugboat, the barge crew could maneuver short distances around a job site using winches and lines attached to spuds.

Having delivered a derrick barge to a job site, Mr. Crewse and his crew usually performed the construction or salvage work for which the barge was needed. Roughly 20 percent of the time, they delivered the barge for others' use. In 2021, Mr. Crewse's work in Oregon was performed entirely on barges, tugboats, and small watercraft.

Believing that Mr. Crewse's work exempted him from Oregon income tax under the water carrier's version of the Amtrak Act, Plaintiffs reported no Oregon income on their 2021 return. Defendant determined that Mr. Crewse's wages were not exempt, and thereupon recalculated his Oregon income to an amount slightly higher than the amount reported by his employer on his W-2. (*See* Ex 1 at 9.)

Plaintiffs ask the court to find that Mr. Crewse's wages are exempt from Oregon taxation under the Amtrak Act or, in the alternative, to reduce the Oregon wages to the amount shown on the W-2. Defendant asks the court to uphold its adjustments.

## II. ANALYSIS

The key issue is whether the derrick barges on which Mr. Crewse served as a crew member meet the definition of a "vessel" under ORS 316.127(10) and OAR 150-316-0185(2)(g).[2]

/ / /

---

[2] Oregon Administrative Rules (OAR)

Oregon generally taxes income earned within this state by nonresidents. ORS 316.117(1); ORS 316.127(1). However, the income of nonresident pilots and crew members of vessels operating in multiple states' navigable waters is excluded from that tax by ORS 316.127(10):

> "(10) Compensation for the performance of duties described in this subsection that is paid to a nonresident does not constitute income derived from sources within this state if the individual:
>
>> "(a) Is engaged on a vessel to perform assigned duties in more than one state as a pilot licensed under 46 U.S.C. 7101 or licensed or authorized under the laws of a state; or
>>
>> "(b) Performs regularly assigned duties while engaged as a master, officer or member of a crew on a vessel operating in the navigable waters of more than one state."

ORS 316.127(10).

The parties do not dispute that Mr. Crewse satisfies numerous criteria to exclude income under ORS 316.127(10): he performs regularly assigned duties as a member of crew on a barge operating in the navigable waters of more than one state. Defendant argues that barges are not vessels because they are not self-propelled.

OAR 150-316-0185(2) defines various terms used in ORS 316.127(1), including "crew member" and "vessel":

> "(b) 'Member of a crew' or 'crew member' is an individual carried on board a vessel who is not required to obtain a license (though they may be required to obtain certification) who provides services such as navigation and maintenance of the vessel, its machinery, systems, or services essential for propulsion and safe navigation or to provide services for passengers on board.
>
> "* * * * *
>
> "(g) 'Vessel' is watercraft used, or capable of being used, as a means of transportation on navigable waters in 2 or more states for business purposes."

///

Defendant argues that the above definitions require a vessel to have its own means of propulsion. Defendant reasoned that, without a propulsion system, a barge was useless as a "means of transportation." As context, Defendant pointed out that the duties of a vessel's crew members include providing "services essential for propulsion and safe navigation."

Defendant's argument would have OAR 150-316-0185(2) impart a more restrictive meaning to the word *vessel* than is found in common usage. The pertinent dictionary definition allows that watercraft usable in navigation or commerce are vessels, "whether self-propelled or not":

> "*3 a* : a usu. hollow structure used on or in the water for purposes of navigation : a craft for navigation of the water; *esp* : a watercraft or structure with its equipment *whether self-propelled or not* that is used or capable of being used as a means of transportation in navigation or commerce on water and that usu. excludes small rowboats and sailboats[.]"

Webster's *Third New Int'l Dictionary* 2547 (unabridged ed 2002), *s.v.* "vessel" (emphasis added).

Nevertheless, the text of OAR 150-316-0185(2) lends little support to a restrictive definition of *vessel*. The regulation states that a vessel is a "means of transportation," not that it is the *sole* means of transportation. With the assistance of a tugboat, a barge clearly facilitates the movement of equipment and goods from one port to another—literally, its transportation. Furthermore, including "services essential for propulsion" among a nonexclusive list of a crew member's possible duties does not imply that every vessel must have its own means of propulsion—any more than including "services for passengers" implies every vessel must carry passengers.

Besides the word's ordinary meaning, the context of OAR 150-316-0185(2) supports the conclusion that *vessel* includes barges. Importantly, that context includes the federal regulations

accompanying 46 USC section 11108. The language of ORS 316.127(10) tracks that of 46 USC section 11108, the federal statute limiting states' power to tax waterway workers (set forth in the margin).[3] That federal statute is specifically cited in OAR 150-316-0185(1), which states that the Oregon-source income of nonresident waterway workers is exempted "to the extent provided under federal law: 46 USCA 11108."

Federal regulations define the term *barge* as "any nonself-propelled vessel." 46 CFR § 90.10–3. Thus, under federal law self-propulsion is not dispositive, and a barge is a vessel. That context militates against any possibility that OAR 150-316-0185)(2) adopted a nonstandard definition of vessel that excludes barges. If the restrictive definition championed by Defendant were correct, Oregon's waterway worker exclusion would fail to reach some workers protected by 46 USC section 11108—contrary to the statement that waterway workers in Oregon are exempted "to the extent provided under federal law[.]" *See* OAR 150-316-0185(1).

/ / /

/ / /

---

[3] "(a) Withholding.--Wages due or accruing to a master or seaman on a vessel in the foreign, coastwise, intercoastal, interstate, or noncontiguous trade or an individual employed on a fishing vessel or any fish processing vessel may not be withheld under the tax laws of a State or a political subdivision of a State. However, this section does not prohibit withholding wages of a seaman on a vessel in the coastwise trade between ports in the same State if the withholding is under a voluntary agreement between the seaman and the employer of the seaman.

"(b) Liability.--

"(1) Limitation on jurisdiction to tax.--An individual to whom this subsection applies is not subject to the income tax laws of a State or political subdivision of a State, other than the State and political subdivision in which the individual resides, with respect to compensation for the performance of duties described in paragraph (2).

"(2) Application.--This subsection applies to an individual--

"(A) engaged on a vessel to perform assigned duties in more than one State as a pilot licensed under section 7101 of this title or licensed or authorized under the laws of a State; or

"(B) who performs regularly assigned duties while engaged as a master, officer, or crewman on a vessel operating on navigable waters in 2 or more States."

Considering the foregoing, the court holds that a derrick barge is a vessel for purposes of ORS 316.127(10) and OAR 150-316-0185(2)(g).[4]  Because Mr. Crewse meets the conditions to exclude his wages from Oregon taxable income, the court does not reach the question of the amount of his Oregon wages.

### III.  CONCLUSION

The derrick barges Mr. Crewse worked on during 2021 are qualifying vessels for purposes of ORS 316.127(10) and OAR 150-316-0185(2)(g).  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs appeal for tax year 2021 be granted.

Dated this _____ day of January 2024.

POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on January 9, 2024.***

---

[4] At trial, Defendant compared a barge to a trailer, treating it as self-evident that a trailer lacking self-propulsion was not a means of transportation.  The Oregon Vehicle Code actually supports the contrary conclusion.  The public highway's analogue to the navigable waterway's *vessel* is the *vehicle*.  Under the Oregon Vehicle Code, a vehicle is "any device in, upon or by which any person or property is or may be transported or drawn upon a public highway and includes vehicles that are propelled or powered by any means."  ORS 801.590.  Although the definition of *vehicle* is inclusive of propelled vehicles, self-propulsion is not essential to it, and in fact trailers are defined as a type of vehicle: " 'Trailer' means every vehicle without motive power designed to be drawn by another vehicle."  ORS 801.560.  If a barge is analogous to a trailer, the conclusion to be drawn is that barges are vessels, just as trailers are vehicles.